UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ENERGY & ENVIRONMENT LEGAL INSTITUTE**<br>722 12th Street NW, 4th Floor<br>Washington, DC 20005<br><br>**FREE MARKET ENVIRONMENTAL<br>LAW CLINIC**<br>9033 Brook Ford Road<br>Burke, Virginia, 22015<br><br>　　　　　　　　**Plaintiffs,**<br>v.<br><br>**UNITED STATES SECURITIES AND<br>　EXCHANGE COMMISSION**<br>100 F Street, NE<br>Washington, DC 20549<br><br>　　　　　　　　**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Case No.   16-cv:676 |

**COMPLAINT FOR DECLARATORY RELIEF AND
RELIEF IN THE FORM OF MANDAMUS**

Plaintiffs ENERGY & ENVIRONMENT LEGAL INSTITUTE ("E&E Legal") and FREE MARKET ENVIRONMENTAL LAW CLINIC ("FME Law") for their complaint against Defendant UNITED STATES SECURITIES & EXCHANGE COMMISSION ("SEC" or "the Agency"), allege as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel production under a request for certain SEC records sent to or received by a single SEC Commissioner during a limited time-frame.

2. In that FOIA request dated February 9, 2016 plaintiffs submitted by email a request seeking all emails and text messages sent or received by Commissioner Kara Stein which were sent to or received from a limited number of people or which referenced the term "climate risk."

3. The request noted that the documents were being sought to determine the role the agency was playing with regard to recent activist demands for changes to mandatory disclosure policies imposed by the SEC. The request further noted that there was substantial public interest in whether the SEC was working with outside groups, and sought a fee waiver based on the public interest in this information and requesters' intention to publicly disseminate the information.

4. Pursuant to 5 U.S.C. § 552 (a) (6) (A) SEC had until March 10, 2016 to issue a substantive initial determination to this request. Despite this statutory obligation to provide an estimated determination of potentially responsive documents and statutory exemptions the agency may invoke, SEC has not produced responsive records, and provided no substantive response to plaintiffs' request.

5. SEC's failure to respond within the statutory period constitutes denial of plaintiffs' request, without a proper legal basis.

6. As a result of this denial, pursuant to 5 U.S.C. §552(a)(4)(A)(v)&(viii) plaintiffs have no further administrative remedies to pursue, but instead have the right of judicial review, in the form of this lawsuit asking this Court to compel SEC to produce responsive records.

## PARTIES

7. Plaintiff Energy & Environment Legal Institute (E&E Legal) is a nonprofit research, public policy and public interest litigation center incorporated in Virginia which works to promote the ethos of limited government regulation and increased transparency by the government to its citizens. E&E Legal's programs include analysis, publication and a transparency initiative seeking public records relating to environmental and energy policy and how policymakers use public resources.

8. Plaintiff Free Market Environmental Law Clinic (FME Law) is a nonprofit research, public policy based, and public interest litigation center based in Virginia. FME Law is dedicated to working towards efficient, free market-based solutions to environmental problems, with limited governmental interventions. FME Law's programs include research, publications, litigation, transparency efforts, and training young lawyers and law students advocacy and administrative law practice.

9. Defendant Securities and Exchange Commission is a federal agency headquartered in Washington, DC.

## JURISDICTION and VENUE

10. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B), because this suit is brought in the District of Columbia, and because plaintiffs both maintain offices in the District. Furthermore, jurisdiction is proper under 28 U.S.C. § 1331, because the resolution of disputes under FOIA presents a federal question.

11. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e) because plaintiffs resides in the District of Columbia, and defendant is an agency of the United States.

## FACTUAL BACKGROUND

12. This lawsuit seeks to compel SEC to fully and properly respond to a FOIA request dated February 9, 2016, which sought certain specific records. The request sought:

> 1) Copies of all emails and text messages sent to or received by Commissioner Kara Stein, that were also sent to or from any of the following: Adam Kanzer, Chad Spitler, Jonas Kron, Victoria Willard, Don Marlais, and/or any email address ending in @ceres.org (e.g., coburn@ceres.org), @Whitehouse.Senate.gov or @Reed.Senate.gov.
>
> 2) Copies of all emails or text messages that were (a) sent to or from Commissioner Stein, (b) which use "climate risk" anywhere in the email including in the body and/or bcc: or Subject fields.
>
> We do seek attachments for both requests.

      For both requests, responsive records will be dated over the period August 9, 2013 to the date you process this request.

13. Plaintiffs requested that SEC waive processing and copying fees pursuant to 5 U.S.C. §552(a)(4)(A)(iii), with the request being in the public interest, plaintiffs having no commercial interest in the material, and with substantial public interest in the requested information.

14. On February 10, 2016, SEC, by email, acknowledged receipt of the FOIA request and assigned it tracking number 16-02155-FOIA.

15. On February 12, 2016 SEC, by email, informed plaintiffs that their request for a fee waiver had been granted, that their request would be processed, and that they were "currently consulting with other SEC staff regarding your request."

16. In the two months since then plaintiffs have received no further response or communications from SEC regarding the request. Nor has SEC provided any documents responsive to the request or updates on when such documents will be provided.

## LEGAL ARGUMENTS

**Defendant SEC Owes and Has Failed to Provide Plaintiffs a Response**

17. Under the Freedom of Information Act, after an individual submits a request, an agency must determine within 20 working days after the receipt of any such request whether to comply with such request. 5 U.S.C.S. § 552(a)(6)(A)(i). Under *Citizens for Responsible Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 186 (D.C. Cir. 2013), that response must provide particularized assurance of the scope of potentially responsive records, including the scope of the records it plans to produce and the scope of documents that it plans to withhold under any FOIA exemptions.

18. U.S. Code 5 U.S.C.S. § 552(a)(6)(A) proclaims that the 20-day time limit shall not be tolled by the agency except in two narrow scenarios: The agency may make one request to the requester for information and toll the 20-day period while it is awaiting such information that it has reasonably requested from the requester, § 552(a)(6)(A)(ii) (I), and agencies may also toll the statutory time limit if necessary to clarify with the requester issues regarding fee assessment. § 552(a)(6)(A)(ii)(II). In either case, the agency's receipt of the requester's response to the agency's request for information or clarification ends the tolling period. Regardless, neither circumstance applies in the instant mater.

19. As the initial request was sent February 9, 2016, SEC owed a proper response and initial determination on March 10, 2016.

20. The communications provided by DoE do not constitute a proper response to a FOIA request, as they did not set forth how many responsive records exists, nor when requesters could expect to begin receiving responsive documents. Further the most recent communication from any person with SEC was February 12, 2016, and requesters have received no communication since.

21. This failure to issue a proper response within the statutory period constitutes a denial by SEC of plaintiffs' requests for records.

**Having Failed to Properly Respond to Plaintiffs' Request, Defendant SEC Owes Responsive Records Subject to Legitimate Withholdings and Cannot Seek Fees**

22. In *Bensman v. National Park Service*, 806 F. Supp. 2d 31 (D.D.C. 2011) the U.S. District Court for the District of Columbia noted, "An additional effect of the 2007 Amendments was to impose consequences on agencies that do not act in good faith or otherwise fail to comport with FOIA's requirements. See S. Rep. No. 110-59. To underscore Congress's belief in the importance of the statutory time limit, the 2007 Amendments declare that '[a]n agency shall not assess search fees . . . if the agency fails to comply with any time limit' of FOIA."

23. SEC owed plaintiffs a substantive response on or before March 10, 2016, and SEC did not provide such a responsive, thus violating the statutory time-limits within the FOIA statute.

24. Further SEC already granted requesters' fee waiver, and informed requesters of this in the letter sent February 12, 2016.

25. Having already informed plaintiffs that the fee waiver was granted, and having violated the statutory time limits of FOIA, SEC must now process the request without charging fees, and provide plaintiffs with records, subject to legitimate withholdings.

## CLAIMS FOR RELIEF
## FIRST CLAIM FOR RELIEF
### Declaratory Judgment

26. Plaintiffs re-allege paragraphs 1-25 as if fully set out herein.

27. Plaintiffs have properly sought and been constructively denied responsive records reflecting the conduct of official business, as SEC has failed to provide either responsive records or a substantive response to the FOIA request at issue in this case.

28. Plaintiffs have a statutory right to fee waiver, and to the information they seek.

29. Plaintiffs ask this Court to enter a judgment declaring that:

    i. Defendant failed to provide a proper response to plaintiffs' request for records 16-02155-FOIA, and has thereby statutorily waived fees;

    ii. SEC records as described in plaintiffs' request 16-02155-FOIA are public records subject to release under FOIA;

    iii. SEC's refusal to produce the requested records is unlawful.

    iv. SEC shall produce in a timely fashion all records in its possession responsive to laintiffs' FOIA request, without fees, subject to legitimate withholdings.

**SECOND CLAIM FOR RELIEF**
**Injunctive Relief**

30. Plaintiffs re-allege paragraphs 1-29 as if fully set out herein.

31. Plaintiffs are entitled to injunctive relief compelling SEC to produce all records in its possession responsive to plaintiffs' FOIA request, without fees, subject to legitimate withholdings.

32. Plaintiffs ask this Court to order DoE to produce to plaintiffs the requested records described in plaintiffs' FOIA request, and any attachments thereto, subject to legitimate withholdings.

33. Plaintiffs ask the Court to order the parties to consult regarding withheld documents and to file a status report to the Court within 30 days after plaintiffs receive the last of the produced documents, addressing SEC's withholdings and Vaughn log and a briefing schedule for resolution of remaining issues associated with plaintiffs' challenges to defendant's withholdings, if any, and any other remaining issues.

34. Plaintiffs ask the Court to enter an injunction ordering SEC to either uphold its determination to grant plaintiffs' fee waiver, or otherwise agree to not seek fees for this request.

**THIRD CLAIM FOR RELIEF**
**Seeking Costs and Fees**

35. Plaintiffs re-allege paragraphs 1-34 as if fully set out herein.

36. Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

37. Plaintiffs are statutorily entitled to recover fees and costs incurred as a result of SEC's refusal to fulfill the FOIA request at issue in this case.

38. Plaintiffs ask the Court to order SEC to pay reasonable attorney fees and other litigation costs reasonably incurred in this case.

Respectfully submitted this 11th day of April, 2016

                                                  _____/s/_____

                                                  Chaim Mandelbaum
                                                  D.D.C.  Bar No. VA86199
                                                  726 N. Nelson St, Suite 9
                                                  Arlington, VA 22203
                                                  (703) 577-9973
                                                  Chaim12@gmail.com


                                         FREE MARKET ENVIRONMENTAL LAW CLINIC
                                        ATTORNEY FOR PLAINTIFFS